KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | No.: **10-04018-PCW11** |
|---|---|
| **LAVERNE JOY RETTKOWSKI,** | Chapter **11** |
| Debtor. | **FINDINGS OF FACT** |

**THIS MATTER** coming before the Court upon the issues raised by Debtor's request for confirmation of Debtor's Plan of Reorganization ("Plan") and final approval of Debtor's Disclosure Statement ("Disclosure Statement") and based upon the evidence produced, the Court now makes the following:

### **FINDINGS OF FACT**

1. Debtor's Plan of Reorganization and Disclosure Statement were filed herein on January 24, 2011 which was submitted to Creditors and other parties in interest;

2. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

Findings of Fact-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 125    Filed 03/11/11    Entered 03/14/11 14:22:57    Pg 1 of 5

3. The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law;

4. (a) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan;

5. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court;

6. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, or (b) if the Plan is a plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for the eventuality that the liquidation is not accomplished in that time period;

7. Pursuant to the Plan, the following acts or events constitute substantial consummation of the Plan: sixty (60) days following Confirmation, provided that Debtor has paid all installments provided by this Plan to be paid within that time;

Findings of Fact-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 125    Filed 03/11/11    Entered 03/14/11 14:22:57    Pg 2 of 5

8. Creditors were given Notice of Confirmation and no objections thereto were made, or if made, have been resolved;

9. It is proper that Debtor's Disclosure Statement be approved; and

10. It is proper that Debtor's Plan be confirmed, subject to the following:

a. Notwithstanding any provision of the Plan to the contrary, any proposed sale of One Hundred Fifty-Six Acres (Art. I, def. #27), Sixty Acres (Art. I, def. #39), or Eighty Acres (Art. I, def. #20) on terms, rather than a cash sale, while any outstanding balance remains due Classes 6 and 7 (FSA), shall be subject to further Final Order (Art. I, def. #23) of Court After Notice and Hearing (Art. I, def. #3);

b. Notwithstanding any provision of the Plan to the contrary, Debtor shall surrender to Classes 6 and 7 (FSA) the FSA Equipment Collateral (Art. I, def. #22), except for the 1977 Ford F600 Truck, 1995 Dodge Pickup, 1998 Morgan Stock Trailer, 2002 Honda ATV, 1 Cow, 2 horses, and the 1995 Arctic Cat 4-wheeler ATV (collectively referred to as "Equipment and Livestock"). Within thirty (30) days of Confirmation, Debtor shall pay Classes 6 and 7 (FSA) the sum of Seven Thousand Nine Hundred Dollars ($7,900.00) for Equipment and Livestock. Upon payment, Classes 6 and 7 shall execute the necessary documents and writings to release its lien upon and in Equipment and Livestock and shall have no further claim secured by Equipment and Livestock. Equipment and Livestock shall vest in Debtor free of all claims. The entry of the Order confirming the Plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the Equipment and Livestock surrendered, thereby allowing recovery and disposition of such

Findings of Fact-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 125    Filed 03/11/11    Entered 03/14/11 14:22:57    Pg 3 of 5

property by Classes 6 and 7 (FSA) according to applicable non-bankruptcy law;

 c. Notwithstanding any provision in the plan to the contrary, a final decree shall not be entered and the case shall not be case closed, pursuant to 11 U.S.C. §350, until after all property to be sold or abandoned under the Plan has been sold or abandoned; and

 d. The treatment of Class 9 (States Resources Corp.), set out in lines 22-24 on p.16 of the Plan, is amended to read as follows:

  1. Debtor has abandoned and turned over to Class 9 (States Resources Corp.) the State Resource Collateral (Art. 1, def. #40), which has liquidated the same. The balance owing on the Class 9 claim, after applying the proceeds of such liquidation, is $90,182.50, which shall be referred to as the "SRC Deficiency Claim;"

  2. The SRC Deficiency Claim shall be paid as a claim of Class 12 (Unsecured), subject to the following;

  3. $25,000 of the SRC Deficiency Claim shall be deemed to be non-dischargeable, and shall be referred to as the "SRC Non-dischargeable Claim." The remaining $65,182.50 of the SRC Deficiency Claim shall be fully dischargeable, and shall be referred to as the "SRC Dischargeable Claim;"

  4. 27.72% of all amounts received by SRC shall be applied to reduce the SRC Non-dischargeable Claim, and 72.28% of all amounts

Findings of Fact-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11 Doc 125 Filed 03/11/11 Entered 03/14/11 14:22:57 Pg 4 of 5

received by SRC shall be applied to reduce the SRC Dischargeable Claim; and

5. SRC hereby releases any and all claims against Ashton Klein, for his prepetition purchase of the Challenger Caterpillar Tractor (the "Tractor") from the Debtor, and SRC hereby releases any and all claims, interest, and/or liens against the Tractor.

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: s/ Kevin O'Rourke
    KEVIN O'ROURKE, WSBA #28912

_Patricia C. Williams_
Patricia C. Williams
Bankruptcy Judge

Findings of Fact-5

03/11/2011 10:48:15

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 125    Filed 03/11/11    Entered 03/14/11 14:22:57    Pg 5 of 5