KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | No.: **10-04018-PCW11** |
|---|---|
| **LAVERNE JOY RETTKOWSKI,** | Chapter **11** |
| Debtor. | **CONCLUSIONS OF LAW** |

**THIS MATTER** came on for hearing on the filing of the Plan of Reorganization ("Plan") and the final approval of the Disclosure Statement ("Disclosure Statement"), the Court having herein entered its Findings of Fact, based upon the evidence produced, the Court now makes the following:

### CONCLUSIONS OF LAW

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2. The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law;

3. (i) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date, or (ii) the Plan does not discriminate unfairly,

Conclusions of Law-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 126    Filed 03/11/11    Entered 03/14/11 14:38:09    Pg 1 of 5

and is fair and equitable with respect to each class of claims or interest that are impaired under the Plan and has not accepted the Plan;

4. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by an other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court;

5. The identity qualifications and affiliations of the persons who are to be members or managers, if any, of the Debtor after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices or the continued appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy;

6. The identity of any insider that will be employed or retained by the Debtor and their compensation has been fully disclosed;

7. (i) Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or (ii) if the Plan is a Plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for eventuality if the liquidation is not accomplished in that period;

8. Substantial consummation shall not occur before the sixtieth (60th) day after the Effective Date;

9. Debtor's Disclosure Statement is approved; and

Conclusions of Law-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 126    Filed 03/11/11    Entered 03/14/11 14:38:09    Pg 2 of 5

10. Debtor's Plan shall be confirmed, subject to the following:

    a. Notwithstanding any provision of the Plan to the contrary, any proposed sale of One Hundred Fifty-Six Acres (Art. I, def. #27), Sixty Acres (Art. I, def. #39), or Eighty Acres (Art. I, def. #20) on terms, rather than a cash sale, while any outstanding balance remains due Classes 6 and 7 (FSA), shall be subject to further Final Order (Art. I, def. #23) of Court After Notice and Hearing (Art. I, def. #3);

    b. Notwithstanding any provision of the Plan to the contrary, Debtor shall surrender to Classes 6 and 7 (FSA) the FSA Equipment Collateral (Art. I, def. #22), except for the 1977 Ford F600 Truck, 1995 Dodge Pickup, 1998 Morgan Stock Trailer, 2002 Honda ATV, 1 Cow, 2 horses, and the 1995 Arctic Cat 4-wheeler ATV (collectively referred to as "Equipment and Livestock"). Within thirty (30) days of Confirmation, Debtor shall pay Classes 6 and 7 (FSA) the sum of Seven Thousand Nine Hundred Dollars ($7,900.00) for Equipment and Livestock. Upon payment, Classes 6 and 7 shall execute the necessary documents and writings to release its lien upon and in Equipment and Livestock and shall have no further claim secured by Equipment and Livestock. Equipment and Livestock shall vest in Debtor free of all claims. The entry of the Order confirming the Plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the Equipment and Livestock surrendered, thereby allowing recovery and disposition of such property by Classes 6 and 7 (FSA) according to applicable non-bankruptcy law;

    c. Notwithstanding any provision in the plan to the contrary, a final decree shall not be entered and the case shall not be case closed, pursuant to 11

Conclusions of Law-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 126    Filed 03/11/11    Entered 03/14/11 14:38:09    Pg 3 of 5

U.S.C. §350, until after all property to be sold or abandoned under the Plan has been sold or abandoned; and

d.  The treatment of Class 9 (States Resources Corp.), set out in lines 22-24 on p.16 of the Plan, is amended to read as follows:

1. Debtor has abandoned and turned over to Class 9 (States Resources Corp.) the State Resource Collateral (Art. 1, def. #40), which has liquidated the same. The balance owing on the Class 9 claim, after applying the proceeds of such liquidation, is $90,182.50, which shall be referred to as the "SRC Deficiency Claim;"

2. The SRC Deficiency Claim shall be paid as a claim of Class 12 (Unsecured), subject to the following;

3. $25,000 of the SRC Deficiency Claim shall be deemed to be non-dischargeable, and shall be referred to as the "SRC Non-dischargeable Claim." The remaining $65,182.50 of the SRC Deficiency Claim shall be fully dischargeable, and shall be referred to as the "SRC Dischargeable Claim;"

4. 27.72% of all amounts received by SRC shall be applied to reduce the SRC Non-dischargeable Claim, and 72.28% of all amounts received by SRC shall be applied to reduce the SRC Dischargeable Claim; and

5. SRC hereby releases any and all claims against Ashton Klein, for his prepetition purchase of the Challenger Caterpillar Tractor

Conclusions of Law-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

10-04018-FPC11    Doc 126    Filed 03/11/11    Entered 03/14/11 14:38:09    Pg 4 of 5

(the "Tractor") from the Debtor, and SRC hereby releases any and all claims, interest, and/or liens against the Tractor.

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: s/ Kevin O'Rourke
 KEVIN O'ROURKE, WSBA #28912

_____
Patricia C. Williams
Bankruptcy Judge

03/11/2011

Conclusions of Law-5

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159